IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 03 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00043-BNB

JESSY TONY GURULE,

    Applicant,

v.

WARDEN REVEL, USP Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant Jessy Tony Gurule is a prisoner in the custody of the United States Bureau of Prisons (BOP) at USP Florence, in Florence, Colorado. Mr. Gurule initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On February 11, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Gurule to show cause why the Application should not be denied for failure to exhaust administrative remedies. On February 27, 2008, Mr. Gurule filed a Response to the February 11, 2008, Order to Show Cause.

The Court must construe the Application and the Response liberally because Mr. Gurule is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Gurule is challenging the calculation of his federal sentence in this action. He contends that he is entitled to credit against his federal sentence for the time he was held in custody by the State of Utah because he would have been released on bond by the State of Utah except for the fact the a federal detainer had been placed against him. Mr. Gurule asserts that the time in question has not been credited to his federal sentence.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Gurule concedes that he has not exhausted administrative remedies prior to seeking habeas corpus relief in the instant action in this Court. In the Application, he contends that he has not exhausted his remedies because BOP policy does not allow the granting of "back time without a Court order." (Application at 2.) In the Response, Mr. Gurule further states that exhausting administrative remedies takes a significant amount of time, that he only has fourteen months left to serve on his sentence, and that seeking assistance regarding credit against his federal sentence from any party other than this Court would be futile.

Mr. Gurule is correct that the exhaustion requirement may be waived if exhaustion would be futile. **See Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile based on the requirement that he must seek an order from this Court directing the BOP to apply credit against his federal sentence. Mr. Gurule does not allege, and there is no indication in the file, that the sentence credit he seeks is not available to him through the BOP administrative remedy program.

To find that it is appropriate to waive exhaustion of Mr. Gurule's administrative remedies because it takes a significant amount of time, the Court would have to assume that exhaustion of administrative remedies would, in fact, be futile. To the contrary, if Mr. Gurule is entitled to the relief he is seeking in this action there is no reason to believe that relief would not be granted through the administrative remedy procedure. There also is no reason to believe that administrative relief necessarily would take longer than relief through the courts. The fact that Mr. Gurule now has lost some of the time available to him by choosing to seek judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion.

For all of these reasons, the Court finds that Mr. Gurule fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action, therefore, will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 2 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00043-BNB

Jessy Tony Gurule
Reg. No. 04047-081
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** of to the above-named individuals on 4-3-08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk